# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

Jonathan Munoz,

        Plaintiff,

v.

Charlotte A. Burrows,

        Defendant.

Case No. 2:21-cv-01116-GMN-BNW

**ORDER**

Presently before the Court is pro se Plaintiff Jonathan Munoz's Application to Proceed in Forma Pauperis (ECF No. 2), filed on June 13, 2021. Also before the court is Plaintiff's complaint. (Compl. (ECF No. 2-2).)

**I.    In Forma Pauperis Application**

Plaintiff submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's request to proceed in forma pauperis will be granted.

**II.    Screening Complaint**

    **A.    Background**

Plaintiff alleges that on February 2, 2021, he had a mediation regarding a claim he filed against the Department of Veteran Affairs because of Equal Employment Opportunity Commission (EEOC) violations. The mediator assigned was Administrative Law Judge Daniel Leach. Plaintiff alleges that he was unable to successfully participate in mediation discussions because of Judge Leach's negligence. Specifically, he explains that Judge Leach did not provide

him the information he requested and intimidated him. This, he explains, is a violation of 29 C.F.R. § 1614. He names Charlotte Burrows, as Chair of the EEOC, as the defendant in this case.

### B. Screening Standard

Upon granting a request to proceed in forma pauperis, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### C. Analysis

Here, Plaintiff's complaint names Charlotte Burrows, as Chair of the EEOC, as the defendant in the case. Yet, the body of the complaint discusses the conduct of Administrative Law Judge Daniel Leach. It is not clear whether Plaintiff intends to sue the EEOC by naming the

EEOC's Chair. To the extent he is attempting to sue the EEOC, the EEOC is immune from suit unless sovereign immunity is expressly waived in the "statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996). In other words, unless Congress expressly waives sovereign immunity in a federal statute, a court does not have subject matter jurisdiction over suits brought against the United States or a federal agency. *Id*. Here, Plaintiff does not identify the statute permitting him to bring suit for the negligent acts of Judge Leach. He simply provides a reference to 29 C.F.R. § 1614, which is lengthy and includes many sub-parts. At this juncture, Plaintiff has not provided enough information for the Court to determine if he has a viable claim. The Court, therefore, will dismiss the complaint without prejudice. Plaintiff may file an amended complaint to clarify who he is suing and the statute or law he is relying upon to bring a claim.

Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 2-2) will no longer serve any function in this case. As such, if Plaintiff files an amended complaint, each claim and the involvement of each defendant must be alleged sufficiently. The court cannot refer to a prior pleading or to other documents to make Plaintiff's amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

If Plaintiff chooses to file an amended complaint curing the deficiencies outlined in this order, Plaintiff must do by August 9, 2021. If Plaintiff does not file an amended complaint, the court will recommend that this case be dismissed, without prejudice.

**III. Conclusion**

IT IS THEREFORE ORDERED that Plaintiff's applications to proceed in forma pauperis (ECF No. 2) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court must file the complaint (ECF No. 2-2).

IT IS FURTHER ORDERED that the complaint (ECF No. 2-2) is DISMISSED with leave to amend as stated in this order.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint, it must be filed by August 9, 2021. Failure to comply with this order will result in a recommendation to the district judge that this case be dismissed.

DATED: July 9, 2021

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE