# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Jonathan Munoz, | Case No. 2:21-cv-01116-GMN-BNW |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Charlotte A. Burrows, et al., | |
| Defendants. | |

On July 9, 2022, this Court screened Plaintiff's complaint and dismissed it without prejudice, explaining that it was not clear who he was suing or the statute upon which he was relying. ECF No. 6.

Plaintiff filed an amended complaint. ECF No. 7. Plaintiff alleges that he was unable to successfully participate in mediation discussions in a claim against the Department of Veteran Affairs. The mediator assigned was Administrative Law Judge Daniel Leach. Plaintiff alleges it was Judge Leach's negligence as a mediator that prevented a successful mediation.

Plaintiff's First Amended Complaint names the United States as the Defendant. He cites to the following provisions in support of his claims: 5 U.S.C. § 702, 28 U.S.C. § 2674, 29 C.F.R. § 1614, and 29 C.F.R. § 1614.109(c). Plaintiff seeks monetary damages.

## I.   Legal Standard

Upon granting a request to proceed in forma pauperis, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft*

1  *v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only
2  dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of
3  his claim which would entitle him to relief*." Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir.
4  2014) (quoting *Iqbal*, 556 U.S. at 678).

5  In considering whether the complaint is sufficient to state a claim, all allegations of
6  material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler*
7  *Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).
8  Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff
9  must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S.
10 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*
11 Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se
12 plaintiff should be given leave to amend the complaint with notice regarding the complaint's
13 deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

14 **II.     Screening**

15 The Court previously explained that it does not have subject matter jurisdiction over suits
16 brought against the United States or a federal agency unless Congress expressly waives sovereign
17 immunity in a federal statute. ECF No. 6.

18 Plaintiff invokes the Federal Tort Claim Act (FTCA) under 28 U.S.C. § 2674 to overcome
19 immunity. The FTCA permits private suits against the United States for damages for loss of
20 property, injury, or death caused by a government employee's negligence. *Lam v. United States*,
21 979 F.3d 665, 672 (9th Cir. 2020). Plaintiff's claim does not involve loss of property or death.
22 The Court construes the allegations to suggest that Plaintiff suffered emotional distress, which
23 could qualify as an injury. *Sheehan v. United States*, 896 F.2d 1168, 1172 (9th Cir. 1990), *as*
24 *amended*, 917 F.2d 424 (9th Cir. 1990).

25 Nevertheless, even assuming the applicability of the FTCA, Plaintiff's claim is barred by
26 judicial immunity. 28 U.S.C. § 2674 provides, in relevant part: "With respect to any claim under
27 this chapter, the United States shall be entitled to assert any defense based upon judicial . . .
28 immunity which otherwise would have been available to the employee of the United States whose

act or omission gave rise to the claim, as well as any other defenses to which the United States is entitled." 28 U.S.C.A. § 2674. *See, e.g.*, *Tinsley v. Widener*, 150 F.Supp.2d 7, 12 (D.D.C. 2001) (judicial immunity protects United States from FTCA suit); *Buck v. Stewart*, 2008 WL 901716, at *4 (D. Utah March 31, 2008) (United States possesses judicial immunity as to FTCA claims where individual judicial defendants are immune); *Dockery v. United States*, 2008 WL 345545, at *2 (S.D. Fla. Feb.6, 2008) (same).

Given the above, the Court need not discuss 5 U.S.C. § 702 or 29 C.F.R. § 1614.[1]

Finally, should Plaintiff seek to re-file his complaint as a *Bivens* action rather than an FTCA claim, judicial immunity would again bar Plaintiff's suit. Judges are absolutely immune from civil liability for damages for acts performed in their judicial capacity. *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967). Furthermore, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978).

It is now clear that Plaintiff's lawsuit is based on the alleged negligence of Judge Leach. Given the immunity issues involved, the Court recommends dismissal with prejudice.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's complaint be dismissed with prejudice.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely

---

[1] The Court also notes that 5 U.S.C. § 702 applies only when seeking relief "other than money damages." 5 U.S.C. § 702. Given Plaintiff seeks monetary damages, he cannot rely on that statute to overcome principles of sovereign immunity.

objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 20, 2022

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE